THE STATE v. G. E. SWEARENGIN, Appellant.

**Division Two, May 23, 1911.**

1. **INFORMATION:** Hog Stealing. An information charging that defendant and two others, on a certain day, "one hog, of the value ·of fifteen dollars, belonging to Frank Ellison, then and there being found, unlawfully and feloniously did steal, take and carry away, contrary to the form of the statute," etc., sufficiently charges defendant with hog stealing.

2. **INSTRUCTION:** Principal: Theft as Abstract Proposition: Cured by Others. An instruction telling the jury that if they find "from the·evidence that a hog was stolen at the time and place mentioned in the information, and further find from the evidence that the defendant was present, aiding and assisting in said larceny," that he was guilty as a principal, is not in-correct as an abstract proposition of law, but should have been fuller and more specific; but if another instruction, which was a correct, full and explicit declaration of the law and facts, was given and there was no evidence of the theft of any other hog except the one belonging to the man named in the indict-ment as the owner, it was not reversible error.

3. ————: As Set Forth in Transcript and Bill. Loose pages found in the· transcript in which are set forth instructions having no meaning, will not be accepted as establishing that the instructions set forth in the bill of exceptions were not the ones actually given, where there was no suggestion in this court of a diminution of the record.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. Purd Hays* for appellant.

(1) The motion to quash should have been sustained. The information does not describe the hog stolen. It does not say that the hog is the personal property or the goods and chattels of Frank Ellison. The information charges that "Frank Ellison then and there being found unlawfully and feloniously did steal,

take and carry away." The information charges Frank Ellison with stealing the hog, and not the defendant, Swearengin. Every fact should be clearly and accurately stated. Nothing is to be taken by intendment or implication in an information for a felony. State v Gassard, 103 Mo. App. 143; State v. Rector, 126 Mo. 320; State v. Evans, 128 Mo. 406; State v. Nunley, 185 Mo. 102; Kel. Crim. Law, secs. 643 and 644. The information is not verified according to law. R. S. 1909, sec. 5059. The information has two jurats of the clerk, being at different times. The defendant cannot tell when he was informed against and why it was necessary to have two jurats, but the facts are that the prosecuting attorney amended the information and swore to it the second time because he amended it, but the clerk has failed to make a record of it. (2) Instruction 1 is not the law. It says that if, "a hog was stolen at the time and place mentioned in the information," etc. It should read that, if "a hog the personal property of Frank Ellison" was stolen at the time and place mentioned in the information, etc. The court committed reversible error by failing to state the time in the instruction instead of referring the jury to the information to find the time and place of the alleged stealing. State v. Scott, 109 Mo. 226; State v. King, 78 Mo. 555.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General for the State.

(1) The information in this cause is sufficient in form and substance. It charges the crime in the language of the statute. R. S. 1909, sec. 4535; Kelley's Crim. Law, sec. 642; Sherwood's Crim. Law, pp. 217, 221; State v. DeWitt, 152 Mo. 84. The information is properly verified by the prosecuting attorney on his "information and belief," as required by statute. R. S. 1909, sec. 5057; State v. Gregory, 178 Mo. 48; State

v. Temple, 194 Mo. 228; State v. Hunt, 106 Mo. App. 326. (2) Appellant's next assignment of error is as to the giving of instruction 1 on behalf of the State, because said instruction does not contain the words "a hog, the personal property of Frank Ellison." Instruction 3, given on the part of the State, contains the words, "a certain hog, the personal property of Frank Ellison." This instruction should be read in connection with instruction 1. All the instructions given in a case should be read and considered together in passing upon their form and sufficiency. State v. Brown, 188 Mo. 466; Flaherty v. Transit Co., 207 Mo. 334; Gibler v. Terminal Assn., 203 Mo. 222; Shanahan v. Transit Co., 109 Mo. App. 232; Mathew v. Railroad, 115 Mo. App. 468.

BOND, C.—The defendant was convicted of hog stealing and sentenced to two years in the penitentiary, in the circuit court of Douglas county, at the September term, 1910, upon an information, charging that he and two others on a day mentioned "one hog of the value of fifteen dollars, belonging to Frank Ellison, then and there being found, unlawfully and feloniously did steal, take and carry away, contrary to the form of the statute," etc.

On the trial there was evidence that defendant and two other persons were ostensibly hog hunting on the dates specified in the information; that while so engaged they captured a Poland China sow belonging to one Frank Ellison, which they turned over to one of the parties for five dollars, paid to the other two. The hog was ultimately retaken from the purchaser by the owner.

A severance was granted the three parties charged; one of them entered a plea of guilty and testified on the trial of defendant. His testimony was corroborated by other witnesses, and tended to prove that defendant participated in the stealing and re-

ceived part of the money paid for the hog. Defendant introduced witnesses as to his good character, and testified on his own behalf. He denied that he took any part in the theft of the sow, or received any of the money. He also denied the statement to the effect that he had given back to the purchaser the five dollars paid for the hog when he learned the purchaser was about to be arrested; and denied that he advised the purchaser to leave the country. He admitted, however, that he loaned five dollars to the purchaser of the hog.

The court gave seven instructions, to which defendant duly excepted.

After the overruling of his motions for new trial and in arrest, defendant appealed to this court.

I. Defendant assigns error in the overruling of his motion to quash the information. There is no merit in this contention. The information is framed according to the approved precedents, and charges the offense in the language of the statute upon which it is based. [Sec. 4532, R. S. 1909; Kelley's Crim. Law, sec. 642; Sherwood's Crim. Law, pp. 217, 221; State v. DeWitt, 152 Mo. l. c. 84.]

Neither is there any defect in the verification of the information. It was verified by the prosecuting attorney "upon information and belief" in the manner prescribed by statute. [R. S. 1909, secs. 5057-5059.]

II. Appellant next complains of the action of the court in giving instruction number one, to the effect that if the jury found "from the evidence that a hog was stolen at the time and place mentioned in the information, and further found from the evidence that the defendant was present, aiding and assisting in said larceny," then he would be guilty as a principal.

This instruction is not incorrect as an abstract statement of the law. It might have been fuller and more specific, but its omissions in that respect could

not have misled the jury, for by instruction number 3 a full, explicit and correct statement of the law and facts was made; and under that instruction, coupled with the fact that there was not a scintilla of evidence on the trial referring to the theft of any other hog than the one belonging to Frank Ellison, it was impossible for the jury to have been confused or misled. We, therefore, rule that point against appellant.

III.   Appellant next complains of the verbiage contained in instruction numbered 2, and has italicized certain terms contained in that instruction, which if they had been in the original as it was given by the court, would have rendered it meaningless and unintelligible. A careful examination of the bill of exceptions shows that instruction as quoted in appellant's brief was not given in the form contained therein, but was given in a different form and clearly presented the law applicable to proof of good character in criminal cases. It is true that the transcript contains some loose pages which would warrant the quotation of this instruction as made in appellant's brief, but those loose pages were not contained in any part of the bill of exceptions in this cause; neither are they authenticated as copies of the original instruction; nor is there any evidence in the record of a *nunc pro tunc* entry correcting the instructions given on the trial; nor was there any suggestion of diminution of record in this court; nor any steps taken to show that the instructions contained in the bill of exceptions were not the veritable ones given by the court on the trial of this case.

Under these circumstances, we can only look at the record of the instructions as is contained and set forth in the bill of exceptions; and as they appear there free from any of the flaws or criticisms made in appellant's brief, we hold that his contentions as to the phraseology of the instructions are wholly untenable.

IV. Finally, appellant attacks instruction numbered 3 as being "at variance with the allegations of the information." This exception is not sustained by the record. The substance of the information is set forth in the foregoing statement. The instruction criticized, omitting formal parts, told the jury that if they found from the evidence, that defendant did "wrongfully and fraudulently steal, take and carry away a certain hog, the personal property of Frank Ellison, of the value of fifteen dollars, with the felonious intent to convert the same to his own use and make it his own property without the consent of the owner, you will find the defendant guilty, and assess his punishment at a term in the state penitentiary not less than two years and more than five years."

This instruction was a flawless declaration of the law from the facts adduced on the trial, and is in perfect accord with the offense charged in this case.

The judgment herein is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing report of the commissioners is hereby adopted as the opinion of the court.