

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 18, 1947

Hon. William L. Kerr, President
Board of Regents
State Teachers Colleges of Texas
First National Bank Building
Midland, Texas

Opinion No. V-308

Re: Eligibility of a State
Senator to hold the
position of "Execu-
tive Secretary" of the
Board of Regents,
State Teachers Col-
leges, such office
being created during
his term of office.

Dear Mr. Kerr:

Your letter of July 10, 1947, states that the
recent Legislature provided for the appointment of an
Executive Secretary to serve the Board of Regents of
the State Teachers Colleges of Texas. You state that
Senator R. L. Proffer was a member of that Legislature,
which created this position. You wish to know whether
Senator Proffer may lawfully be appointed to the above
position.

That position is provided for in the Educa-
tional Appropriation Bill (Vol. 5, p. 664, Vernon's
Session Laws; H. B. 246, Ch. 339, 50th Leg.), and car-
ries an annual salary of $4,500 payable from the State
Treasury.

The Texas Constitution, Article 3, Section
18, provides in part:

"No Senator or Representative shall,
during the term for which he may be e-
lected, be eligible to any civil office
of profit under this State, which shall
have been created . . . during such term
. . ." (Emphasis added throughout this
opinion.)

Similarly, Article 16, Section 40, provides in part:

"No person shall hold or exercise, at the same time, more than one <u>civil</u> <u>office</u> of emolument . . ."

However, the position of "Executive Secretary" to the Board of Regents of the State Teachers Colleges, is not a <u>civil</u> <u>office</u>. It is an "employment." An "officer" exercises some governmental function; he is invested with some portion of the sovereignty. A public office is a right, authority, and duty created and conferred by law, the tenure of which is not transient, occasional, or incidental. Among the usual criteria given for determining whether an employment is a public office or not, are the requirements of an official oath and bond; that the powers are granted and conferred by law and not by contract. The "officer" is generally answerable for misfeasance in office, and is responsible for the acts of his "employees." Employment, on the other hand, is established by contract. It involves performing such duties as are prescribed by the employing agent. The "employee" is often subject to discharge at the will of the "officer" to whom he is responsible. These matters are fully discussed in <u>Loard</u> v. <u>Como</u>, 137 S.W. (2d) 880, writ refused; <u>Knox</u> v. <u>Johnson</u>, 141 S.W. (2d) 698, writ refused; Meecham, Public Officers, Ch. 1; 42 Am. Jur., Public Officers, Sections 2-16; 34 Tex. Jur., Public Officers, Sections 2-4; and in Annotations 53 A.L.R. 595, 93 A.L.R. 333, 140 A.L.R. 1076.

Therefore, Article 3, Section 18, and Article 16, Section 40 are not applicable; and Senator Proffer may be appointed to the new position.

However, Article 16, Section 33 provides:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State . . . ."

A State Senator is an _officer_ of the State. That office is one of honor, trust, and profit. The Executive Secretary is an agent or appointee of the State; and his position is one of honor, trust, and profit. Hence, under Section 33, the Accounting Officer of this State could neither draw nor pay a warrant on the treasury in favor of Senator Proffer for _either_ place. While holding both places, he could be paid neither as Senator nor as Executive Secretary. In order to be paid as Executive Secretary, he would have to resign the office of State Senator.

A similar result was reached in Attorney General's Opinion O-6458, a copy of which is herewith enclosed. It was there held that a member of the 49th Legislature could be appointed Executive Officer of the State Board of Vocational Education, but that he could not be paid from the Treasury thereafter until he resigned from the Legislature.

## SUMMARY

Although a member of the Legislature is ineligible to accept an "office" created at the session of which he was a member, he may become an "employee" of the State (as distinguished from an "officer") in a place created by such session. However, if he accepts such employment, he may receive no pay from the State while holding both places. Art. 16, Sec. 33. He may receive pay for such employment if he resigns his office in the Legislature.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

ATTORNEY GENERAL